OPINION
{¶ 1} This is an accelerated calendar case, submitted to this court on the record and the briefs of the parties. Appellant, Timothy J. Perri, appeals the judgment entered by the Kent Division of the Portage County Municipal Court. The trial court denied Perri's postsentence motion to withdraw his guilty plea.
 {¶ 2} Perri sent multiple unwanted letters to a former classmate. As a result, Perri was charged with menacing by stalking, in violation of R.C. 2903.211. Generally, a violation of this section is a first-degree misdemeanor.[1] However, a violation of R.C. 2903.211 constitutes a fourth or fifth-degree felony in certain circumstances.[2]
 {¶ 3} Perri was arrested at his residence in Dayton, Ohio. Perri was unable to post bond, therefore, he was held in jail. Subsequently, he was transferred to a jail in Portage County.
 {¶ 4} Initially, Perri pled not guilty to the charge against him. Thereafter, a change of plea hearing was held. Perri was represented by counsel at this hearing. Perri pled guilty to one count of menacing by stalking, a first-degree misdemeanor. Pursuant to the plea agreement, the state did not pursue the felony offense of menacing by stalking.
 {¶ 5} On October 4, 2004, Perri was sentenced to 180 days in jail, with 143 days suspended, and was given credit for 37 days served prior to sentencing. He was also placed on probation for two years.
 {¶ 6} On September 1, 2005, Perri filed a motion to withdraw his guilty plea. The trial court held a hearing on Perri's motion. Thereafter, the trial court denied Perri's motion to withdraw his guilty plea.
 {¶ 7} Perri has timely appealed the trial court's judgment entry denying his motion to withdraw his guilty plea. On appeal, Perri raises the following assignment of error:
 {¶ 8} "The trial court erred in overruling the defendant's motion to withdraw his guilty plea."
 {¶ 9} Crim.R. 32.1 provides a means for a criminal defendant to withdraw a guilty plea and states, "[a] motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea." The burden is on the defendant to show the existence of the alleged manifest injustice.[3]
 {¶ 10} An appellate court is limited in its review of a trial court's decision regarding a motion to withdraw a guilty plea to determining whether the trial court abused its discretion.[4] The term "abuse of discretion" implies that the court's decision was arbitrary, unreasonable, or unconscionable.[5]
 {¶ 11} At the change of plea hearing, where Perri was represented by counsel, the following colloquy occurred:
 {¶ 12} "THE COURT: Mr. Perri, you heard everything your Attorney just explained in terms of the recommendations. Is that something you agree with?
 {¶ 13} "MR. PERRI: Yes.
 {¶ 14} "THE COURT: All right. And do you understand by entering a plea of guilty today you're waiving certain Constitutional Rights and I would sentence you today?
 {¶ 15} "MR. PERRI: Yes.
 {¶ 16} "THE COURT: All right. Do you also understand that you're giving up the right to Trial in this matter where the State or other charging authority would have the burden to prove your guilt beyond a reasonable doubt?
 {¶ 17} "You have the opportunity to subpoena and cross examine witnesses and you could not be compelled to testify against yourself.
 {¶ 18} "Do you understand that?
 {¶ 19} "MR. PERRI: Yes.
 {¶ 20} "THE COURT: All right. Do you understand then — are you still willing to go forward with your plea?
 {¶ 21} "MR. PERRI: Well, I don't think I have a choice at this point. My bond would —
 {¶ 22} "MR. SED [Perri's attorney]: No, no. Tim [Perri], the answer is yes.
 {¶ 23} "THE COURT: How do you plead?
 {¶ 24} "MR. SED: We plead guilty, your Honor.
 {¶ 25} "THE COURT: Thank you.
 {¶ 26} "MR. PERRI: Okay.
 {¶ 27} "THE COURT: And did anyone coerce you or force you to take this plea?
 {¶ 28} "MR. PERRI: Um —
 {¶ 29} "THE COURT: Was it done by your —
 {¶ 30} "MR. PERRI: It was done by my Attorney.
 {¶ 31} "THE COURT: Is this being done under you own free will?
 {¶ 32} "MR. PERRI: Well, it was done at the Bond Hearing.
 {¶ 33} "THE COURT: So you're in agreement with what's going on in this matter?
 {¶ 34} "MR. PERRI: Yes."
 {¶ 35} When a defendant enters a guilty plea, he is waiving certain statutory and constitutional rights.[6] This waiver must be made "knowingly, intelligently, and voluntarily."[7] In this matter, the transcript from the Crim.R. 11 colloquy demonstrates that Perri knew what he was doing when he entered his guilty plea. It also demonstrates that the plea was voluntary, as Perri indicated he agreed with the plea on two separate occasions.
 {¶ 36} In addition, we note that 11 months passed from the time Perri pled guilty and the time when he moved to withdraw his plea. "An undue delay between the occurrence of the alleged cause for withdrawal of a guilty plea and the filing of a motion under Crim.R. 32.1 is a factor adversely affecting the credibility of the movant and militating against the granting of the motion."[8] Applying this rule to this matter, the fact that Perri waited nearly a full year to file his motion to withdraw his guilty plea deflates his argument that his guilty plea was not knowingly, intelligently, and voluntarily entered.
 {¶ 37} At the withdrawal of plea hearing, Perri testified that he only pled to the misdemeanor charge because the state agreed not to pursue the more serious felony charge. Also, he testified that he would not have pled guilty if there was not a risk of a felony conviction. Perri's testimony goes to one of the fundamental principles of the plea-bargain process — the state agrees to recommend the dismissal of a more serious charge in exchange for the defendant pleading guilty to a less serious charge. Such deals occur on a daily basis in courtrooms throughout this state. If we were to find merit in Perri's argument, it would severely chill the plea-bargain process, as a defendant could later argue that he or she only pled guilty to avoid the more serious charge.
 {¶ 38} On appeal, Perri contends the evidence did not support a felony conviction. He makes this argument in support of his position that he could not have been charged with a felony. However, we must remember that a postsentence motion to withdraw a guilty plea is only to be granted to correct a manifest injustice.[9] Perri does not assert that the evidence against him would not have supported a misdemeanor conviction, which he ultimately received. Thus, Perri did not meet his burden of demonstrating that a manifest injustice occurred.
 {¶ 39} Finally, Perri argues that his misdemeanor conviction has put his security clearance for his position with the United States Air Force at risk. However, at the hearing on his motion to withdraw his guilty plea, Perri testified that he was aware a misdemeanor conviction may adversely affect his employment when he entered the plea. Moreover, at the Crim.R. 11 colloquy, the trial court was not required to ensure that Perri was aware of what the possible consequences of his guilty plea and subsequent conviction might be regarding future employers. The trial court was only required to make sure that Perri was aware of the legal ramifications of his guilty plea.
 {¶ 40} The trial court did not abuse its discretion by denying Perri's motion to withdraw his guilty plea.
 {¶ 41} Perri's assignment of error is without merit.
 {¶ 42} The judgment of the trial court is affirmed.
Grendell, J., O'Toole, J., concur.
[1] R.C. 2903.211(B)(1).
[2] R.C. 2903.211(B)(2) and (3).
[3] State v. Smith (1977), 49 Ohio St.2d 261, paragraph one of the syllabus.
[4] (Citations omitted.) State v. Gibbs (June 9, 2000), 11th Dist. No. 98-T-0190, 2000 Ohio App. LEXIS 2526, at *6-7.
[5] State v. Adams (1980), 62 Ohio St.2d 151, 157-158.
[6] See, e.g., State v. Nero (1990), 56 Ohio St.3d 106, 108.
[7] Id., citing State v. Stewart (1977), 51 Ohio St.2d 86,92-93.
[8] State v. Smith, 49 Ohio St.2d 261, paragraph three of the syllabus.
[9] Crim.R. 32.1.