[Cite as *State v. Weaver*, **2012-Ohio-2788**.]

COURT OF APPEALS
HOLMES COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | |
| | : | Hon. Patricia A. Delaney, P.J. |
| Plaintiff-Appellant | : | Hon. W. Scott Gwin, J. |
| | : | Hon. John W. Wise, J. |
| -vs- | : | |
| | : | Case No. 11CA023 |
| TERRA WEAVER nka | : | |
| TERRA KAMP | : | |
| | : | |
| Defendant-Appellee | : | O P I N I O N |


CHARACTER OF PROCEEDING:     Appeal from the Holmes County Municipal
                             Court, Case No. 98-CRB-173


JUDGMENT:                    REVERSED AND REMANDED


DATE OF JUDGMENT ENTRY:      June 18, 2012


APPEARANCES:

For Appellant:                          For Appellee:

STEVEN KNOWLING                         JERRY S. PACKARD
HOLMES COUNTY PROSECUTOR                Logee, Hostetler, Stutzman, & Lehman
164 E. Jackson Street                   2171 Eagle Pass
Millersburg, OH 44654                   Wooster, OH 44691-5320


*Delaney, J.*

{¶1}   Appellant State of Ohio appeals from the November 28, 2011 judgment entry of the Holmes County Municipal Court granting appellee's motion to withdraw her guilty plea to one count of domestic violence entered April 24, 1998.  Appellee is Terra Kamp, formerly known as Terra Weaver.

*FACTS[1] AND PROCEDURAL HISTORY*

{¶2}   On April 20, 1998, appellee was charged by complaint with one count of domestic violence, a misdemeanor of the first degree pursuant to R.C. 2919.25(A). The victim of the domestic violence incident was appellee's sister.   The record indicates that on April 24, 1998, appellee appeared before the Holmes County Municipal Court and entered a plea of no contest.  The trial court found appellee guilty and ordered her to pay court costs; a thirty-day jail term was suspended on a number of conditions, including that appellee attend, complete and pay for a Family Lifeskills program.

{¶3}   We note the record contains a document, dated April 24, 1998, stating: "I, Terra L. Weaver, have been offered the opportunity to apply for legal services on my behalf and do hereby decline the offer."  No record of any Crim.R. 11 colloquy is before us, but no Crim.R. 11 deficiency has been alleged.

{¶4}   On October 18, 2011, appellee moved to withdraw her guilty plea "on the basis that while [appellee] waived her right to counsel at the time of entering her plea, [appellee] never discussed this matter with an attorney or sought the advice of counsel prior to her entry of a plea and consequently [appellee] was not fully aware of all the consequences of entering a plea to the charge of Domestic Violence. * * *."

---

[1] The facts of the domestic violence conviction underlying this appeal are not in the record before us and are not necessary to the disposition of this appeal.

{¶5}   The trial court scheduled an oral hearing.  The following discussion took place:

* * *.

Judge:  It is my understanding that there is a problem with her conviction and employment.

[Defense counsel]:  It, You Honor, she has been offered employment and has been employed but, and it is kind of interesting how, you know, she is able to go through school, in fact she has, she has got her license here that she is a registered nurse.  So it is kind of interesting that the nursing school can take your money based on any background but some issues have come up when she actually went to work for a particular entity that, like once she started working they said no it is not a problem and then they came back and…

Judge:  Where are you working now?

[Appellee]:  I was working for a nursing home facility and when they, when you fill out an application for work of course I have to disclose that I have this misdemeanor from my past and because, because of the nature, because of the domestic violence on the BCI and FBI came back, then they came and said you can't work here until you have this cleared up.

[Defense counsel]:  But you actually worked for them for a little bit, right?

[Appellant]:  I did for several weeks, so…

Judge:  And they said you couldn't work?

[Defense counsel]:  Yes.  They said it was not a problem then they said it was a problem.

[Appellant]: And I am finding that.

Judge: OK, I will take it under advisement and get an answer out next week.

* * *.

{¶6} Appellant raised a number of objections to appellee's motion at the oral hearing. Appellant argued withdrawal of the plea is barred by res judicata, that appellee should have raised the issue upon direct appeal, and that appellant would be significantly prejudiced in its efforts to prosecute the domestic violence complaint 13 years later. Appellant further noted that appellee asserted no defense on the merits, failed to allege her no-contest plea was not made knowingly, intelligently, and voluntarily, and failed to establish any manifest injustice which would permit the trial court to allow her to withdraw her plea.

{¶7} The trial court granted appellee's motion to withdraw her no-contest plea on November 28, 2011.

{¶8} On December 9, 2011, appellant sought leave to appeal the trial court's decision, and we granted leave on January 12, 2012.

{¶9} Appellant now appeals from the trial court's entry permitting appellee to withdraw her plea.

{¶10} Appellant raises one Assignment of Error:

{¶11} "I.    THE COURT'S NOVEMBER 28, 2011 JUDGMENT ENTRY GRATING APPELLEE'S 'MOTION TO WITHDRAW GUILTY PLEA' OF APRIL 24, 1998 WAS IMPROPERLY GRANTED, CONTRARY TO LAW AND AN ABUSE OF DISCRETION."

I.

{¶1}    Appellant asserts in its sole assignment of error that the trial court abused its discretion in permitting appellee to withdraw her plea of no contest, and we agree.

{¶2}    Crim. R. 32.1 states, "A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea."  Under the manifest injustice standard, a post-sentence withdrawal motion is allowable only in extraordinary cases.  *State v. Aleshire*, 5th Dist. No. 09-CA-132, 2010-Ohio-2566, ¶ 60, citing *State v. Smith*, 49 Ohio St.2d 261, 264, 361 N.E.2d 1324 (1977).  The burden lies on the defendant to establish manifest injustice.  *State v. Reimsnyder*, 5th Dist. No. CA 1110, 1995 WL 771388 (Dec. 20, 1995).  The length of passage of time between the entry of a plea and a defendant's filing of a Crim.R. 32.1 motion is a valid factor in determining whether a "manifest injustice" has occurred.  See *State v. Copeland-Jackson*, 5th Dist. No. 02COA018, 2003-Ohio-1043, ¶ 7.

{¶3}    Appellant points to the decision of the Second District Court of Appeals in *Xenia v. Jones*, in which the court defined a manifest injustice is defined as "a clear or openly unjust act" that involves "extraordinary circumstances."  2nd Dist. No. 07-

CA-104, 2008-Ohio-4733, ¶ 6, citing *State v. Stewart*, 2nd Dist. No. 2003-CA-28, 2004-Ohio-3574, ¶ 6.

{¶4} Appellate review of a trial court's decision under Crim.R.32.1 is limited to a determination of whether the trial court abused its discretion. *State v. Tinney*, 5th Dist. No. 2011 CA 41, 2012-Ohio-72, ¶25, citing *State v. Caraballo*, 17 Ohio St.3d 66, 477 N.E.2d 627. In order to find an abuse of discretion, the reviewing court must determine that the trial court's decision was unreasonable, arbitrary, or unconscionable and not merely an error of law or judgment. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

{¶5} The effect of the no-contest plea upon appellee's employment is not relevant to the Crim.R. 32.1 inquiry. In *State v. Sabatino*, the appellant argued the trial court abused its discretion in not allowing him to withdraw his guilty plea, asserting the plea was not knowingly and voluntarily entered due to his mistaken belief he would retain his employment. 102 Ohio App.3d 483, 657 N.E.2d 527 (8th Dist.1995). The court found, though, that "* * * appellant's mistaken belief that he would be able to retain his employment once he was convicted was the result of his own miscalculation and had no impact on whether he knowingly and voluntarily entered a guilty plea to grant (*sic*) theft." *Id*., at 486.

{¶6} We followed this rationale in *State v. Jordon*, in which we held that appellant's mistaken belief that he would be able to keep his state pest control license if he pled guilty to receiving stolen property was irrelevant to the determination of whether he entered his plea appropriately. 5th Dist. No. CT2007-0024, 2007-Ohio-6795. *See also*, *Xenia v. Jones*, supra, 2008-Ohio-4733 (no manifest injustice where

defendant failed to appreciate consequences of plea for teaching license); *State v. Perri*, 11th Dist. No. 2006-P-0018, 2006-Ohio-5185 (trial court not required to ensure defendant aware of possible consequences of plea upon future employment in Air Force).

{¶7}  In the instant case, the sole reason presented by appellee for withdrawal of her plea, thirteen years after the fact, is she didn't understand the consequences of her plea because her employment is now jeopardized.  This issue is irrelevant to whether appellee's plea was entered appropriately.

{¶8}  We find the trial court abused its discretion in permitting appellee to withdraw her plea.  On the record before us, appellee failed to establish that a manifest injustice occurred.  The resulting prejudice to appellant if the plea is withdrawn after 13 years, when appellee has failed to demonstrate any extraordinary circumstances that would substantiate such recourse, leads us to conclude the trial court abused its discretion.

{¶9}  In light of the foregoing, we reverse the trial court's decision of November 28, 2011, and remand this matter for proceedings consistent with this opinion.

By: Delaney, P.J.

Gwin, J. and

Wise, J. concur.

_____

HON. PATRICIA A. DELANEY

_____

HON. W. SCOTT GWIN

_____

HON. JOHN W. WISE

PAD:kgb

IN THE COURT OF APPEALS FOR HOLMES COUNTY, OHIO

FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| | : | |
| Plaintiff-Appellant | : | |
| | : | |
| -vs- | : | JUDGMENT ENTRY |
| | : | |
| TERRA WEAVER nka | : | |
| TERRA KAMP | : | |
| | : | Case No. 11CA023 |
| Defendant-Appellee | : | |

For the reasons stated in our accompanying Opinion on file, the judgment of the Holmes County Municipal Court is reversed and the matter is remanded to the trial court for proceedings consistent with this opinion. Costs assessed to Appellee.

_____
HON. PATRICIA A. DELANEY

_____
HON. W. SCOTT GWIN

_____
HON. JOHN W. WISE