[Cite as *State v. Weaver*, 2013-Ohio-2486.]

COURT OF APPEALS
HOLMES COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. William B. Hoffman, P. J. |
|     Plaintiff-Appellant | Hon. John W. Wise, J.<br>Hon. Craig R. Baldwin, J. |
| -vs- | |
| | Case No. 12CA16 |
| TERRA WEAVER, nka TERRA KAMP | |
|     Defendant-Appellee | O P I N I O N |


CHARACTER OF PROCEEDING:    Criminal Appeal from the Municipal Court,
Case No. CRB 9800173


JUDGMENT:    Reversed and Remanded


DATE OF JUDGMENT ENTRY:    June 14, 2013


APPEARANCES:

For Plaintiff-Appellant

STEVE KNOWLING
PROSECUTING ATTORNEY
164 East Jackson Street
Millersburg, Ohio  44654

For Defendant-Appellee

BRIAN L. SOMMERS
LOGEE, HOSTETLER, STUTZMAN
& LEHMAN
2171 Eagle Pass
Wooster, Ohio  44691

*Wise, J.*

{¶1}   Appellant State of Ohio appeals the decision of the Holmes County Municipal Court, which granted Appellee Terra Weaver's post-sentence motion to withdraw a prior no contest plea. The relevant facts leading to this appeal are as follows.

{¶2}   On April 20, 1998, appellee was charged by complaint in the Holmes County Municipal Court with one count of domestic violence, a misdemeanor of the first degree under R.C. 2919.25(A). On April 24, 1998, appellee appeared before the court and entered a plea of no contest.[1] The trial court found appellee guilty and ordered her to pay court costs; a thirty-day jail term was suspended on a number of conditions, including that appellee attend and complete the Family Lifeskills program.

{¶3}   On October 18, 2011, more than thirteen years later, appellee moved to withdraw her no contest plea "on the basis that while [appellee] waived her right to counsel at the time of entering her plea, [appellee] never discussed this matter with an attorney or sought the advice of counsel prior to her entry of a plea and consequently [appellee] was not fully aware of all the consequences of entering a plea to the charge of Domestic Violence. * * *."

{¶4}   The trial court scheduled an oral hearing. The State of Ohio raised a number of objections to appellee's motion at the oral hearing.

{¶5}   The trial court granted appellee's motion to withdraw her no contest plea on November 28, 2011.

---

[1]   We note the record contains a document, dated April 24, 1998, stating: "I, Terra L. Weaver, have been offered the opportunity to apply for legal services on my behalf and do hereby decline the offer." However, no record of any Crim.R. 11 colloquy from 1998 has been provided.

{¶6} The State of Ohio thereafter obtained leave under App.R. 5(C) and appealed to this Court. Appellant asserted in its sole assigned error that the trial court had abused its discretion in permitting appellee to withdraw her plea of no contest. On June 18, 2012, we reversed the trial court's decision of November 28, 2011 granting the withdrawal of appellee's plea, and remanded the matter for proceedings consistent with our accompanying opinion. *See State v. Weaver*, Holmes App.No. 11CA023, 2012-Ohio-2788 ("*Weaver I*"). Appellee did not file an appeal with the Ohio Supreme Court.

{¶7} The trial court thereupon set the matter for a hearing on September 19, 2012. The trial court stated at the commencement of said hearing: "This is 98 CRB 173 on a motion for the original motion *[sic]* was to withdraw her original plea and the Court granted that and then we are here because the Court of Appeals basically said there was not enough evidence on the record [.]" Tr. at 2. Appellee was then permitted to again testify about the circumstances surrounding her decision to enter a no contest plea in 1998.

{¶8} On October 11, 2012, the trial court issued a judgment entry granting appellee's motion to withdraw her plea under Crim.R. 32.1.

{¶9} On October 17, 2012, the State of Ohio filed a notice of appeal and a request for leave to appeal under App.R. 5(C). This Court granted leave to appeal on November 21, 2012. The State of Ohio herein raises the following sole Assignment of Error:

{¶10} "I. THE TRIAL COURT ABUSED ITS DISCRETION BY REOPENING DEFENDANT-APPELLE'S (SIC) PRIOR CR 32.1 MOTION, HOLDING A SECOND

EVIDENTIARY HEARING, AND AGAIN GRANTING SAID MOTION AFTER THIS COURT HAD REVERSED THE TRIAL COURT'S INITIAL GRANTING OF DEFENDANT'S MOTION AND REMANDED TO REINSTATE HER CONVICTION."

I.

**{¶11}** In its sole Assignment of Error, Appellant State of Ohio challenges the trial court's granting of appellee's motion to withdraw her 1998 no contest plea following our decision in *Weaver I*.

**{¶12}** Crim. R. 32.1 states, "A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea."

**{¶13}** The law of the case doctrine has been applied in appeals pertaining to plea withdrawal motions. *See State v. Cvijetinovic*, Cuyahoga App.No. 82894, 2003-Ohio-7071; *State v. White*, Cuyahoga App.No. 81368, 2003-Ohio-178. "[T]he doctrine of the law of the case * * * establishes that the 'decision of a reviewing court in a case remains the law of that case on the legal questions involved for all subsequent proceedings in the case at both the trial and reviewing levels.' " *Pipe Fitters Union Local No. 392 v. Kokosing Constr. Co., Inc.,* 81 Ohio St.3d 214, 218, 690 N.E.2d 515, 1998-Ohio-465, quoting *Nolan v. Nolan* (1984), 11 Ohio St.3d 1, 3, 462 N.E.2d 410. The doctrine of the law of the case "functions to compel trial courts to follow the mandates of reviewing courts." *Hubbard ex rel. Creed v. Sauline* (1996), 74 Ohio St.3d 402, 404, 659 N.E.2d 781, quoting *Nolan, supra.*

**{¶14}** In reviewing the procedural history of this matter, we surmise that the trial court interpreted our June 18, 2012 reversal and remand "for proceedings consistent with this opinion" as opening the door to hearing additional evidence on appellee's Crim.R. 32.1 motion. However, in our June 18, 2012 decision we clearly held that appellee had failed to establish that a manifest injustice had occurred when she entered her no contest plea in 1998. *See Weaver I* at ¶8. Under the doctrine of the law of the case, the allowance of further proceedings in contravention of our prior holding was erroneous and warrants reversal.

**{¶15}** Accordingly, Appellant State of Ohio's sole Assignment of Error is sustained.

**{¶16}** For the reasons stated in the foregoing opinion, the October 11, 2012 decision of the Municipal Court of Holmes County, Ohio, is hereby reversed and remanded with directions to the trial court to enter judgment denying appellee's motion of October 18, 2011 to withdraw no contest plea.

By: Wise, J.

Hoffman, P. J., and

Baldwin, J., concur.



_____

_____

_____

JUDGES

JWW/d 0603

IN THE COURT OF APPEALS FOR HOLMES COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellant | : | |
| | : | |
| -vs- | : | JUDGMENT ENTRY |
| | : | |
| TERRA WEAVER, nka TERRA KAMP | : | |
| | : | |
| Defendant-Appellee | : | Case No. 12CA16 |

For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Municipal Court of Holmes County, Ohio, is reversed and remanded for entry of judgment consistent with this opinion.

Costs assessed to appellee.

_____

_____

_____

JUDGES