OPINION
{¶ 1} Tyla Jones appeals from the trial court's denial of her Crim. R. 32.1 post-sentence motion to withdraw three guilty pleas. In her sole assignment of error, Jones contends the trial court erred in failing to hold a hearing on her motion.
 {¶ 2} The record reflects that Jones received an August 2, 2004 misdemeanor citation for domestic violence, criminal damaging, and child endangering. Jones, who was *Page 2 
a college student at the time, executed a waiver and plea form and entered uncounseled guilty pleas the same day. On the domestic violence charge, the trial court imposed a fine, a 30-day suspended jail sentence, and probation. On the criminal damaging charge, the trial court imposed a fine, a 180-day suspended jail sentence, probation, and ordered restitution. On the child endangering charge, the trial court imposed a fine, a 180-day jail sentence with 150 days suspended, and probation. A few days later, the trial court granted Jones early release and suspended the balance of her jail time. It terminated her probation in March 2007.
 {¶ 3} On September 4, 2007, Jones moved to withdraw her guilty pleas. Her motion included a request for an evidentiary hearing. In support of her motion, Jones submitted an affidavit in which she pointed out that her pleas were uncounseled. She also asserted that she had just given birth to her second child and was suffering from depression when she entered the pleas. Finally, Jones claimed she had discovered in April 2005 that her guilty pleas could impact her ability to teach, which had been her chosen profession. The trial court overruled Jones' motion on September 6, 2007, reasoning as follows:
 {¶ 4} "There is absolutely no basis for, or merit to, this motion. This Defendant signed a written and knowing waiver of her rights in 2004 prior to pleading guilty. At the time, she had completed 16 years of education. Her guilty plea was entered August 2, 2004. After she hired counsel who filed a motion for release, she was released from jail on August 9, 2004 and placed on probation. The attorney who filed for this release was Mr. Mulligan, and he raised no such issues. Now 3 years later, this new motion is filed. It is completely meritless and is overruled."
 {¶ 5} On appeal, Jones contends the trial court erred in overruling her motion *Page 3 
without a hearing. In support, she repeats, verbatim, the arguments she presented below, pointing out that her pleas were uncounseled, that she was suffering from depression, and that she was unaware of the impact convictions could have on her ability to teach.
 {¶ 6} Under Crim. R. 32.1, a defendant who files a post-sentence motion to withdraw her guilty plea bears the burden of establishing a "manifest injustice." State v. Smith (1977), 49 Ohio St.2d 261, paragraph one of the syllabus. "A hearing on a post-sentence motion to withdraw a guilty plea is not necessary if the facts alleged by the defendant, even if accepted as true, would not require the court to grant the motion[.]"State v. Burkhart, Champaign App. No. 07-CA-26, 2008-Ohio-4387, ¶ 12, citing State v. Blatnik (1984), 17 Ohio App.3d 201, 204. To obtain a hearing, "a movant must establish a reasonable likelihood that the withdrawal is necessary to correct a manifest injustice[.]" State v.Whitmore, Clark App. No. 06-CA-50, 2008-Ohio-2226, ¶ 11. A manifest injustice has been defined as "a clear or openly unjust act" that involves "extraordinary circumstances." State v. Stewart, Greene App. No. 2003-CA-28, 2004-Ohio-3574, ¶ 6. We apply an abuse-of-discretion standard to a trial court's decision on a motion to withdraw a guilty plea and its decision whether to grant a hearing. Whitmore, supra, at ¶ 38.
 {¶ 7} In the present case, Jones asserts, without elaboration or citation to authority, that her uncounseled pleas were "inappropriate" because she faced potential incarceration of 180 days. Under Crim. R. 2(C) and (D), the charges at issue were all petty offenses punishable by no more than six months of confinement. We are aware of no authority prohibiting uncounseled guilty pleas in cases involving petty offenses. Indeed, any criminal defendant has a right to waive counsel and plead guilty. The record contains a written waiver of Jones' right to an attorney and her right to have counsel appointed if indigent. *Page 4 
She has not raised any issue on appeal regarding the adequacy of her waiver of counsel. See Smith, 49 Ohio St.2d at 265 ("It is unnecessary for the State to demonstrate knowing waivers of rights when the appellee has not even raised these constitutional issues."). As for the issue that she does raise, we reject Jones' argument that her uncounseled pleas were inappropriate merely because of the potential jail time she faced.
 {¶ 8} As noted above, Jones also asserts that she was suffering from depression when she entered her pleas. In addition, she contends she was unaware that entering the pleas could impact her ability to obtain a teaching license. According to Jones, she did not discover this fact until April 2005. Jones maintains that she would not have entered the pleas if she had not been under duress and if she had known the potential consequences of the convictions on her ability to teach.
 {¶ 9} Upon review, we find no abuse of discretion in the trial court's denial of Jones' motion without a hearing. As an initial matter, her lengthy delay in seeking to withdraw her guilty pleas militates against her motion. Although Crim. R. 32.1 does not contain a time limit for filing a post-sentence motion to withdraw a plea, a trial court may take into consideration the passage of time between entry of a plea and a defendant's attempt to withdraw it. Smith, 49 Ohio St.2d at 264;State v. Bush, 96 Ohio St.3d 235, 239, 2002-Ohio-3993, ¶ 14. "The more time that passes between the defendant's plea and the filing of the motion to withdraw it, the more probable it is that evidence will become stale and that witnesses will be unavailable. The state has an interest in maintaining the finality of a conviction that has been considered a closed case for a long period of time. It is certainly reasonable to require a criminal defendant who seeks to withdraw a plea to do so in a timely fashion rather than delaying for an unreasonable length of time."State v. *Page 5 Francis, 104 Ohio St.3d 490, 497, 2004-Ohio-6894, ¶ 40.
 {¶ 10} Jones entered her pleas in August 2004 and did not move to withdraw them until September 2007. In her affidavit, she admitted discovering in April 2005 — just eight months after entering her pleas — that the convictions would impact her ability to teach. Yet she waited nearly two and one-half more years before attempting to vacate the pleas. The trial court appropriately took this unreasonable delay into account in overruling her motion. Moreover, even accepting Jones' allegations as true, we find no manifest injustice arising from the fact that she was depressed when she entered her pleas or the fact that she failed to appreciate the potential consequences of the convictions on her ability to teach. Accordingly, we overrule her assignment of error.
 {¶ 11} The judgment of the Xenia Municipal Court is affirmed.
WOLFF, P.J., and FAIN, J., concur.
Copies mailed to:
 Hon. Michael K. Murry *Page 1