OPINION
{¶ 1} This matter is before the Court on the Notice of Appeal of Dennis R. Gibson, filed December 13, 2007. On September 27, 2001, Gibson pled guilty in the Champaign County Court of Common Pleas to one count of rape, in violation of R.C. 2907.02(A)(2), and *Page 2 
one count of gross sexual imposition, in violation of R.C. 2907.05(A)(4), both arising out of sexual contact with his daughter. In return, the State dismissed two counts of rape, in violation of R.C. 2907.02(A)(1)(b), with specifications, and agreed to remain silent on the issue of consecutive sentencing. On November 9, 2001, the court held a hearing on sentencing and Gibson's sexual offender status. The court determined that Gibson was a sexual predator and sentenced him to nine years in prison for rape and to four years in prison for gross sexual imposition, to be served concurrently.
 {¶ 2} Gibson filed a notice of appeal on October 31, 2002, which we dismissed as untimely. The Supreme Court of Ohio also denied review.
 {¶ 3} In July 2004, Gibson filed an application for DNA testing. On October 27, 2004, he filed a motion for judicial release, and November 12, 2004, he filed a motion to vacate his sentence. On January 29, 2005, the court denied the application for DNA testing, concluding that Gibson was not eligible because he pled guilty and had already received a prior definitive test. The court further denied the request for judicial release, determining that he was not eligible until he had served five years. The court also denied the motion to vacate.
 {¶ 4} On May 4, 2005, Gibson moved to withdraw his plea and sought relief from his conviction. Gibson asserted that his counsel had rendered ineffective assistance by ignoring his claim of innocence, refusing to obtain requested exculpatory evidence, coercing his plea, and failing to file an appeal based on actual innocence. Gibson filed a supporting affidavit, which claimed that his trial counsel failed to render effective assistance and coerced his plea, and that the prosecutor withheld exculpatory evidence. Gibson also claimed that the trial court erred in denying his application for DNA testing, and in designating him a sexual predator. *Page 3 
 {¶ 5} The trial court denied the motion on July 28, 2005. The court found, in part, that Gibson had been provided a DNA test report, which conclusively showed that his semen was found in the victim's vagina, and that the report was not inconsistent with the victim's medical records. The court found that Gibson had made no showing that the prosecutor had withheld any exculpatory evidence. The court further found no basis for concluding that Gibson's counsel rendered ineffective assistance. The trial court found, upon review of the record, that Gibson had entered a knowing, intelligent, and voluntary plea, and that he failed to demonstrate that his attorney had misled him. We affirmed the trial court's decision.
 {¶ 6} On May 15, 2006, appellate counsel for Gibson filed a brief pursuant to Anders v. California (1967), 386 U.S. 738, 87 S.Ct. 1396,18 L.Ed.2d 493. On August 2, 2006, Gibson filed a pro se brief asserting ineffective assistance of trial counsel, prosecutorial misconduct, error by the trial court based on its failure to grant his application for a new DNA test and in designating him a sexual predator, and ineffective assistance of appellate counsel. After an independent review of the entire record, we agreed with the assessment of appointed appellate counsel that there were no arguably meritorious issues for appellate review. In our December 22, 2006 ruling we determined, "Gibson did not present evidence to warrant a hearing on his motion to withdraw his plea or to support a conclusion that a manifest injustice occurred. The record belies Gibson's contentions that his counsel rendered ineffective assistance and that the prosecutor engaged in misconduct [by withholding exculpatory evidence]." We further found "no arguable basis to conclude that the court erred in denying Gibson's application for a DNA test, as a prior definitive test had been conducted." Gibson sought reconsideration of our ruling, which we denied on January 22, 2007. *Page 4 
 {¶ 7} Gibson then sought to reopen the denial of his motion to withdraw his plea and petition for post-conviction relief. We noted that App. R. 26(B) only allows for the reopening of an appeal from a judgment of conviction and sentence. We went on to address the substantive issues raised in Gibson's application, determining that it lacked merit and denying it. The Supreme Court of Ohio denied review.
 {¶ 8} On July 25, 2006, Gibson filed a request for documents under the Freedom of Information Act and Public Records Act. He sought his presentence investigation report, the grand jury minutes, all findings by the trial court pursuant to R.C. 2317.39, and reports by the Champaign County Child Abuse Response Team and the Department of Job and Family Services. The trial court overruled his request on July 28, 2006. We affirmed the trial court's decision.
 {¶ 9} On August 18, 2006 Gibson requested more documents pertaining to the DNA testing that was performed in his case, and the trial court denied the request. We affirmed, determining that Gibson did not demonstrate that he had a justiciable claim or defense to present or that the documents he sought were necessary to support that claim or defense.
 {¶ 10} On May 3, 2007, Gibson filed pro se a "Motion for Finding of Materiality, and Motion for Leave to Plead New Evidence, Instanter," a "Motion for Reconsideration" of Gibson's April 13, 2007 motion for recusal, a "Notice of Filing Newly Discovered Evidence, with Affidavit of Substance of Newly Discovered Evidence," and a "Motion to Withdraw Guilty Plea, Pur. To Crim. R. 32.1, and, Motion for a New Trial Pur. Crim. R. 33." On May 24, 2007, Gibson filed a "Motion for Leave to File Reply to State's Memorandum Contra." On June 14, 2007, Gibson filed a "Motion for New DNA Testing." On June 26, 2007, Gibson filed an *Page 5 
"Affidavit of Disqualification Pur. To. ORC § 2701.03(B)," and the Supreme Court of Ohio denied the affidavit of disqualification. On August 28, 2007, Gibson filed a "Motion for Final Disposition as per § 2701.02," arguing that, since the State did not respond to his motion for DNA testing, "the State does not contest the motion for new DNA testing." Finally, on October 1, 2007, Gibson filed an "Application for DNA Testing."
 {¶ 11} The "newly discovered evidence" Gibson submitted in support of the above motions consists of four exhibits. Exhibit A consists of a January 30, 2007, letter from Doug Steiner, LISW, Clinical Director of the Ben-El Child Family Center, located in Urbana, Ohio, to Gibson, along with enclosed interrogatories propounded by Gibson, to Steiner, and Steiner's unsworn responses, in conjunction with another matter in another court. Steiner responded to interrogatories regarding abuse reported by the victim herein as follows: "Record only states `mother was abusive' by client. No other details were recorded," and "The record does not reflect an order not to include Mr. Gibson in treatment. I am unaware of such an order."
 {¶ 12} Exhibit B is the October 24, 2006 Judgment Entry overruling Gibson's request for documents, in which the trial court noted that the victim recanted all or part of her statements. Exhibit C is the July 28, 2006 Judgment Entry overruling Gibson's first request for documents, in which the trial court noted that it was "not aware of any findings covered by Revised Code § 2317.39[1] that have been presented to the Court." *Page 6 
 {¶ 13} Exhibit D consists of various documents, including a document from the Records Clerk of the Urbana Police Division advising that a certain officer is no longer employed there; the Incident Report herein, including a statement from the reporting officer; written statements from the victim and two other female witnesses; a Bureau of Criminal Identification and Investigation Laboratory Report indicating the presence of semen on the vaginal slides from the victim's rape kit; a letter from the prosecuting attorney to an Urbana police officer regarding the handling of Gibson's blood sample; a search warrant and affidavit for Gibson's blood sample; a chain of custody form for the blood sample; an Evidence Submission Sheet requesting comparison of Gibson's blood sample to the vaginal slides in the rape kit; and the first page of the Laboratory Report of the subsequent comparison.
 {¶ 14} Gibson's numerous motions were ruled upon as follows: the trial court overruled the motion for a finding of materiality; it granted in part Gibson's motion for leave to plead new evidence, and it considered the evidence Gibson submitted with his motions; the trial court granted Gibson's motion for reconsideration, and, upon reconsideration, declined to grant Gibson's motion for recusal; it overruled Gibson's motion to withdraw his guilty plea and determined that Gibson's motion for a new trial was accordingly moot; the trial court granted Gibson leave to file a reply brief; it declined Gibson's motion for a new DNA test; it overruled Gibson's motion for final disposition; finally, the trial court denied Gibson's application for DNA testing. *Page 7 
 {¶ 15} Gibson does not delineate specific assignments of error in his brief, but he asserts four "arguments" addressed to his motions for finding of materiality, for leave to plead new evidence, to withdraw his guilty plea and for a new trial, and for a new DNA test. The State responds that Gibson's motion for finding of materiality, for leave to plead new evidence and to withdraw his guilty plea were barred by the doctrine of res judicata[2], since Gibson has not shown that the issues raised in these motions could not have been raised in his earlier motions. The State further asserts that our December 22, 2006 decision affirming the trial court's denial of Gibson's motion to withdraw his plea, is the law of the case[3] for these subsequent proceedings. The State asserts that Gibson cannot show a manifest injustice, and that his request for DNA testing was properly denied.
 {¶ 16} Gibson replies that res judicata does not apply and that the DNA test results are invalid. *Page 8 
 {¶ 17} Since the trial court addressed the merits of Gibson's motions on the basis of his "newly discovered evidence," we will do the same.
1. Motion for finding of materiality
 {¶ 18} Gibson asserts in his brief that his "newly discovered evidence," specifically the Steiner interrogatory responses, implicates the victim's mother, and not him, as the abuser, and that the State withheld the evidence from him in violation of Brady v. Maryland (1963),373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215.
 {¶ 19} We agree with the trial court's decision that Gibson's "newly discovered evidence" is not material. The interrogatory responses do not establish that Gibson did not rape his daughter but only suggest that the victim's mother may also have been abusive. Further, there is nothing to suggest that the State withheld the information from Gibson, or that Gibson could not have previously discovered it.
2. Motion for leave to plead new evidence
 {¶ 20} While Gibson argues that he was denied due process because the trial court denied him an evidentiary hearing "on all of the new evidence that clearly shows his innocence," the trial court granted his motion in part, and its Journal Entry provides that it considered the "new evidence" in ruling on the matters before it. Gibson did not request an evidentiary hearing in this motion but rather requested "leave to plead his `Newly Discovered Evidence' within the Post-Conviction Petition(s) (filed concurrently with this pleading)."
3. Motion to withdraw guilty plea and for new trial
 {¶ 21} "Under Crim. R. 32.1, a defendant who files a post-sentence motion to withdraw [his] guilty plea bears the burden of establishing a `manifest injustice.' (Internal citation *Page 9 
omitted). * * * A manifest injustice has been defined as `a clear or openly unjust act' that involves `extraordinary circumstances.' (Internal citation omitted). We apply an abuse-of-discretion standard to a trial court's decision on a motion to withdraw a guilty plea."
 {¶ 22} Xenia v. Jones, Greene App. No. 07-CA-104, 2008-Ohio-4733,¶ 6.
 {¶ 23} Gibson again asserts that the victim recanted, he denies that he admitted raping the victim to the officer conducting the presentence investigation, he argues that the DNA test result is not valid, that the rape kit was not properly completed, and that the trial court erred in relying upon its prior determination that counsel for Gibson was not ineffective, given "the new evidence that shows counsel for Defendant did not investigate the case, and in fact sent the Defendant-Appellant a letter stating that he has never had a copy of the police evidence log that the Defendant Appellant requested."
 {¶ 24} In overruling Gibson's motion to withdraw his guilty plea, after considering his "newly discovered evidence," the trial court correctly noted that Gibson misinterpreted the trial court's judgment entries. That the victim recanted her testimony does not establish Gibson's innocence; a DNA test conclusively established that Gibson's sperm was found in the victim's vagina. Further, that reports pursuant to R.C. 2317.39 were apparently not prepared for submission to the court does not establish, as Gibson argued, that "no actual evidentiary documentation" existed against Gibson. The trial court also determined, as discussed above, that the interrogatory responses do not establish that Gibson did not rape the victim. The trial court further correctly noted that Gibson failed to present any evidence to alter our previous determination, on December 22, 2006, that counsel for Gibson was not ineffective.
 {¶ 25} Having reviewed the record, we see no manifest injustice, and no abuse of *Page 10 
discretion on the part of the trial court. Gibson's "newly discovered evidence" does not establish that counsel for Gibson was ineffective or that Gibson's plea was involuntary such that a manifest injustice occurred.
4. Motion for new DNA test
 {¶ 26} Gibson argues again that he is entitled to a new DNA test under "new law." Presumably Gibson refers to State v. Sterling (2007),113 Ohio St.3d 255, which he cited to the trial court. Sterling determined that R.C. 2953.82(D), which provided that a prosecuting attorney's disagreement that an inmate should receive a DNA test is final authority and not appealable, is unconstitutional. As the trial court correctly determined, Gibson's request for another DNA test was denied because he was ineligible, having already received a definitive DNA test and having pled guilty. See R.C. 2953.74.
 {¶ 27} The trial court did not err in ruling upon Gibson's motions, there is no manifest injustice, and the judgment of the trial court is affirmed.
WOLFF, P. J. and BROGAN, J., concur.
Copies mailed to:
Scott D. Schockling
Dennis R. Gibson, Jr.
Hon. Roger B. Wilson
[1] R.C. 2317.39 provides,"Whenever an investigation into the facts of any case, civil or criminal, pending at the time of such investigation in any court, is made, conducted, or participated in, directly or indirectly, by any court or any department thereof, through public employees, paid private investigators, social workers, friends of the court, or any other persons, and a report of such investigation is prepared for submission to the court, the contents of such report shall not be considered by any judge of the court wherein such case is pending * * * unless the full contents of such report have been made readily available and accessible to all parties to the case or their counsel. The parties or their counsel shall be notified in writing of the fact that an investigation has been made, that a report has been submitted, and that the contents of the report are available for examination.* * * ."
[2] The Ohio Supreme Court, in State v. Perry (1967),10 Ohio St.2d 175, 226 N.E.2d 104, syllabus at ¶ 9, determined, "Under the doctrine of res judicata, a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial, which resulted in that judgment of conviction, or on an appeal from that judgment."
[3] "The law-of-the-case doctrine provides that `the decision of a reviewing court in a case remains the law of that case on the legal question involved for all subsequent proceedings in the case at both the trial and reviewing levels.' Nolan v. Nolan (1984), 11 Ohio St.3d 1, 3,462 N.E.2d 410. "`[T]he rule is necessary to ensure consistency of results in a case, to avoid endless litigation by settling the issues, and to preserve the structure of superior and inferior courts as designed by the Ohio Constitution.' * * * However, the doctrine is considered to be a rule of practice rather than a binding rule of substantive law; therefore, it will not be applied where it would be unjust to do so." State v. Keller (June 1, 2001), Montgomery App. No. 18411. *Page 1