OPINION
{¶ 1} This matter is before the Court on the pro se Notice of Appeal of Andrew G. Zukowski, filed May 5, 2008. On July 10, 1988, Zukowski, who then resided in Chicago, Illinois, was cited for speeding (71/55), in Dayton, Ohio, in violation of R.C. 4511.21. Zukowski did not pay the ticket, and the file before us reveals that on July 25, 1988, Zukowski failed to appear, as summoned, in Montgomery County Court, Area Two, in response to the *Page 2 
citation. A notation on the court's traffic docket indicates that Bureau of Motor Vehicles ("BMV") suspension notices were mailed to Zukowski and the BMV.
 {¶ 2} According to Zukowski, on December 12, 2008 (sic), he was unable to renew his Ohio driver's license due to the suspension. On February 19, 2008, the court clerk received a letter from Zukowski requesting that the court provide "written proof that his speeding ticket was paid in full. Zukowski enclosed a check for $105.00 dollars, and the file contains a receipt for the payment.[1] On the same day, the court also received from Zukowski a copy of his Non-Resident Violator Compact Notice of Suspension, which provides, "The defendant has failed to respond to a citation or pay a fine for the violation described herein within the prescribed time limit. Initiate action to suspend the defendant's driver license in accordance with the laws of this State or the provisions of the Non-resident Violator Compact." The Notice indicates that the fine for the violation is $45.00.
 {¶ 3} On February 19, 2008, the court issued an Entry providing that Zukowski "has paid a traffic ticket for speed 71/55 with an offense date of July 10, 1988. A compact suspension was forwarded to the BMV on or about August 15, 1988. The ticket is now paid in full and any compact suspensions related to this violation are to be recalled." The Entry indicates that copies thereof were mailed to Ohio BMV, Zukowski, and the State of Illinois, Secretary of State, Traffic Violations Section.
 {¶ 4} On April 16, 2008, Zukowski filed a "Motion for Return Paid Money," seeking the return of the $105.00. The motion provides, "I did not recall that I was driving 75/55 and I am sure that I am not guilty. I was not in the court on 7/25/88 because I did not be notified. I *Page 3 
did not know about any compact suspension by almost 20 years. I had 5 times renew my Ohio drivers licence [sic] without of any problems, since 7/25/88. I am sure that this $105.00 shall be returned to me because during 20 years did undergo expiration. * * * I think that this kind of traffic citation became cancelled out by issued amnesties. And I was released under amnesty from payment of $45.00." Attached to the Motion is a copy of a letter to the Secretary of State of illinois, Traffic Violations Section, requesting that Zukowski's license be "unblocked." Also attached to the motion is an Ohio BMV Driver License Verification, issued in response to Zukowski's request, indicating that Zukowski's license status as of December 27, 2007 is "not valid." Finally, Zukowski attached the court's February 19, 2008 Entry.
 {¶ 5} On April 23, 2008, the court issued an Entry as follows: "This matter is before the Court on a Motion For Return Of Paid Money. Upon review of the case file the Motion is hereby OVERRULED. The money received will be kept as payment for the traffic violation."
 {¶ 6} Zukowski asserts one assignment of error as follows:
 {¶ 7} "THE TRIAL COURT ABUSED ITS DISCRETION BY FAILING TO DISCHARGE FOR DELAY BEFORE THE TRIAL HAD BEGUN THEREBY DENYING APPELLANT'S RIGHT TO DISMISS CHARGE AS THE EXPIRATION OF VALIDITY FOR SUIT."
 {¶ 8} According to Zukowski, "There was not a court trial the entries were issued in absence. I respectfully requested for expiration that ticket and remission of fine. This case shall be dismissed on the base Ohio Revised Code Section 109.16[2] * * * . On July 10, 1988 the fine *Page 4 
was $45.00. The Court gave a fine of $105.00 as on date of 19 Feb. 2008. I had a clear record in Ohio with Ohio Bureau of Motor Vehicle and my driver's license was not under compact suspension. I had five times renewed my Ohio driver's license with out of any refusal since 7/25/88.
 {¶ 9} "I respectfully requested for reimbursement of $70.00 from Illinois Secretary of State as an unlawfully fooled reimbursement fee plus paper works and communication costs.
 {¶ 10} "As such, Appellant's case shall be dismissed and returned paid $105.00 plus paper works and communications costs."
 {¶ 11} Traffic Rule 13(D)(b)(3) provides, "Remittance of the fine and costs to the traffic violations bureau by any means other than personal appearance by the defendant at the bureau constitutes a guilty plea and waiver of trial whether or not the guilty plea and waiver of trial provision of the ticket are signed by the defendant."
 {¶ 12} Since Zukowski admitted his guilt by paying the ticket, we will treat his "Motion For Return Paid Money" as a motion to withdraw his guilty plea. Crim. R. 32.1 provides, "A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea." "We apply an abuse-of-discretion standard to a trial court's decision on a motion to withdraw a guilty plea." Xenia v. Jones, Greene App. No. 07-CA-104, 2008-Ohio-4733, ¶ 6.
 {¶ 13} Under the "Non-Resident Violator Compact," the State of Illinois, as the "home *Page 5 
jurisdiction," was required to suspend Zukowski's license upon notice from Ohio authorities, "the issuing jurisdiction," of Zukowski's failure to resolve his ticket. R.C. 4510.71. The file reveals that the Ohio BMV complied with the statute. "Upon receipt of a report of a failure to comply from the licensing authority of the issuing jurisdiction, the licensing authority of the home jurisdiction shall notify the motorist and initiate a suspension action, in accordance with the home jurisdiction's procedures, to suspend the motorist's driver's license until satisfactory evidence of compliance with the terms of the traffic citation has been furnished to the home jurisdiction licensing authority. Due process safeguards will be accorded." Id., at Article IV(A). In other words, the suspension is indefinite until the requirements are met.
 {¶ 14} Contrary to his assertions, Zukowski has not received "amnesty." While Zukowski may have successfully renewed his Ohio driver's license over the last 20 years, his suspension was valid, albeit seemingly overlooked by issuing clerks, and it remained in effect. Further, the citation did not "expire." There is not a statute of limitations restricting authorities from enforcing the suspension associated with Zukowski's failure to pay or appear. Finally, R.C. 109.16, which provides the appropriate venue for prosecutions by the attorney general, does not apply. For the foregoing reasons, the trial court did not abuse its discretion in overruling Zukowski's motion. Judgment affirmed.
WOLFF, P.J. and GRADY, J., concur.
[1] The receipt indicates a fine amount of $0.00 and court costs of $105.00.
[2] "The attorney general may prosecute an action, information, or other proceeding in behalf of the state, or in which the state is interested, except prosecutions by indictment, in the proper court of Franklin county, or of any other county in which one or more of the defendants reside or may be found. * * * ." R.C. 109.16. *Page 1