[Cite as *State v. Rice*, 2017-Ohio-122.]

## IN THE COURT OF APPEALS OF OHIO
### SECOND APPELLATE DISTRICT
### MONTGOMERY COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| *Plaintiff-Appellee* | : | Appellate Case No. 27045 |
| | : | |
| v. | : | Trial Court Case No. 2011-CR-3213 |
| | : | |
| LAWRENCE E. RICE, JR. | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| *Defendant-Appellant* | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 13th day of January, 2017.

. . . . . . . . . . .

MATHIAS H. HECK, JR., by ANDREW T. FRENCH, Atty. Reg. No. 0069384, Assistant Prosecuting Attorney, Montgomery County Prosecutor's Office, Appellate Division, Montgomery County Courts Building, 301 West Third Street, Dayton, Ohio 45422
　　　Attorney for Plaintiff-Appellee

JAY A. ADAMS, Atty. Reg. No. 0072135, 36 North Detroit Street, Suite 102, Xenia, Ohio 45385
　　　Attorney for Defendant-Appellant

. . . . . . . . . . . .

WELBAUM, J.

{¶ 1} Defendant-appellant, Lawrence E. Rice, Jr., appeals from the decision of the Montgomery County Court of Common Pleas overruling his post-sentence motion to withdraw no contest plea. For the reasons outlined below, the judgment of the trial court will be affirmed.

**Facts and Course of Proceedings**

{¶ 2} On September 23, 2011, the Montgomery County Grand Jury returned an indictment charging Rice with one count of possessing heroin in violation of R.C. 2925.11(A); one count of possessing marijuana in violation of R.C. 2925.11(A); and one count of possessing drug paraphernalia in violation of R.C. 2925.14(C)(1). The drugs and drug paraphernalia were discovered as the result of an open air canine sniff of a vehicle Rice was driving after he was stopped for a window tint violation and for making an improper left-hand turn.

{¶ 3} Following his indictment, Rice, with the assistance of counsel, filed multiple motions to suppress arguing that the police lacked proper justification for stopping and searching his vehicle. Rice also sought to suppress any statements he made to police after his arrest and challenged the reliability of the open air canine sniff of his vehicle. The trial court held a hearing on Rice's motion to suppress, which it subsequently denied on June 5, 2012.

{¶ 4} Thereafter, Rice entered a no contest plea to the possession of heroin charge in exchange for the State dismissing the other two charges for possessing marijuana and drug paraphernalia. After accepting his plea, on September 27, 2012, the trial court

sentenced Rice to four years in prison and suspended his driver's license for a period of six months.

{¶ 5} Rice appealed from his conviction challenging the trial court's decision overruling his motion to suppress. Rice argued that his motion to suppress should have been granted because the police did not possess a reasonable, articulable suspicion to initiate a traffic stop of his vehicle. Rice also challenged the reliability of the open air canine sniff performed on his vehicle. On March 22, 2013, we issued an opinion affirming the trial court's decision overruling Rice's motion to suppress. *State v. Rice*, 2d Dist. Montgomery No. 25438, 2013-Ohio-1070.

{¶ 6} Over two and a half years later, on November 30, 2015, Rice filed a pro se motion to withdraw his no contest plea arguing that his plea was not knowingly and voluntarily entered because his trial counsel had rendered ineffective assistance in handling his motion to suppress. Specifically, Rice alleged that his trial counsel failed to fully investigate and explain the legal concept of probable cause and that such failure caused him to be uninformed at the time he entered his no contest plea. Rice also alleged that the trial court had a duty to investigate and explain the issue of probable cause to him. The State did not file a response to Rice's motion.

{¶ 7} On February 5, 2016, the trial court issued a written decision overruling Rice's motion to withdraw his no contest plea without holding a hearing. In overruling the motion, the trial court determined that Rice had failed to establish a manifest injustice warranting the withdrawal of his plea. Rice now appeals from that decision, raising one assignment of error for review.

**Assignment of Error**

{¶ 8} Rice's sole assignment of error is as follows:

THE TRIAL COURT DENIED APPELLANT DUE PROCESS AND ERRED

IN OVERRULING THE MOTION TO WITHDRAW PLEA WITHOUT A

HEARING.

{¶ 9} Under his sole assignment of error, Rice contends that his plea withdrawal motion set forth issues warranting a hearing on the motion, and that the trial court erred in failing to hold such a hearing.   We disagree.

{¶ 10} "We review a trial court's ruling on a post-sentence motion to withdraw a plea and its decision whether to grant a hearing for an abuse of discretion."   *State v. Tunstall*, 2d Dist. Montgomery No. 23730, 2010-Ohio-4926, ¶ 9, citing *Xenia v. Jones*, 2d Dist. Greene No. 07-CA-104, 2008-Ohio-4733, ¶ 6.   An abuse of discretion is the trial court's " 'failure to exercise sound, reasonable, and legal decision-making.' "   *State v. Perkins*, 2d Dist. Montgomery No. 24397, 2011-Ohio-5070, ¶ 16, quoting *State v. Beechler*, 2d Dist. Clark No. 09-CA-54, 2010-Ohio-1900, ¶ 62.   (Other citation omitted.) "Absent an abuse of discretion on the part of the trial court in making the ruling, its decision must be affirmed."   *State v. Xie*, 62 Ohio St.3d 521, 527, 584 N.E.2d 715 (1992).

{¶ 11} Crim.R. 32.1 provides that a trial court may grant a defendant's post-sentence motion to withdraw a guilty plea only to correct a manifest injustice. Accordingly, a defendant who moves to withdraw his plea bears the burden of establishing a manifest injustice.   Crim.R. 32.1; *State v. Harris*, 2d Dist. Montgomery No. 19013, 2002 WL 940186, * 1 (May 10, 2002), citing *State v. Smith*, 49 Ohio St.2d 261,

361 N.E.2d 1324 (1977), paragraph one of the syllabus. " 'A "manifest injustice" comprehends a fundamental flaw in the path of justice so extraordinary that the defendant could not have sought redress from the resulting prejudice through another form of application reasonably available to him or her.' " *State v. Brooks*, 2d Dist. Montgomery No. 23385, 2010-Ohio-1682, ¶ 8, quoting *State v. Hartzell*, 2d Dist. Montgomery No. 17499, 1999 WL 957746, *2 (Aug. 20, 1999). Under this standard, "a postsentence withdrawal motion is allowable only in extraordinary cases." (Citation omitted.) *Smith* at 264.

{¶ 12} It is well established that " '[i]neffective assistance of counsel can constitute manifest injustice sufficient to allow the post-sentence withdrawal of [a] plea.' " *State v. Banks*, 2d Dist. Montgomery No. 25188, 2013-Ohio-2116, ¶ 9, quoting *State v. Dalton*, 153 Ohio App.3d 286, 2003-Ohio-3813, 793 N.E.2d 509, ¶ 18 (10th Dist.). To establish a claim of ineffective assistance of counsel, a defendant must satisfy the two-pronged test in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Specifically, the defendant must show that: (1) defense counsel's performance was so deficient that he was not functioning as the counsel guaranteed under the Sixth Amendment to the United States Constitution; and (2) that defense counsel's errors prejudiced the defendant. *Id.* at 687. With regards to a plea withdrawal motion, to demonstrate prejudice, the defendant must show that "there is a reasonable probability that, but for counsel's errors, the defendant would not have entered a plea." *State v. Wilson*, 2d Dist. Montgomery No. 26354, 2015-Ohio-1584, ¶ 17, citing *Strickland*. "The failure to make either showing defeats a claim of ineffectiveness of trial counsel. *Strickland* at 687.

{¶ 13} A hearing on a post-sentence plea withdrawal motion is not necessary if the facts alleged by the defendant, even if accepted as true, would not require the court to grant the motion to withdraw the plea. *State v. Burkhart*, 2d Dist. Champaign No. 07-CA-26, 2008-Ohio-4387, ¶ 12; *State v. Mogle*, 2d Dist. Darke Nos. 2013-CA-4, 2013-CA-5, 2013-Ohio-5342, ¶ 17. In other words, "[t]o obtain a hearing, 'a movant must establish a reasonable likelihood that the withdrawal is necessary to correct a manifest injustice[.]' " *Tunstall*, 2d Dist. Montgomery No. 23730, 2010-Ohio-4926 at ¶ 9, quoting *State v. Whitmore*, 2d Dist. Clark No. 06-CA-50, 2008-Ohio-2226, ¶ 11. "[W]e have held that no hearing is required on a post-sentence motion to withdraw a plea where the motion is supported only by the movant's own self-serving affidavit, at least when the claim is not supported by the record." (Citations omitted.) *State v. Stewart*, 2d Dist. Greene No. 2003-CA-28, 2004-Ohio-3574, ¶ 6.

{¶ 14} In this case, other than the bare assertion in his motion that trial counsel failed to fully investigate and explain the legal concept of probable cause, Rice offers nothing, not even a self-serving affidavit, to substantiate his claim that counsel failed in that regard. We also note that the motion to suppress filed by Rice's trial counsel on October 6, 2011, which challenged the search and seizure of Rice's vehicle, specifically recited the law as it relates to probable cause and argued that Rice's seizure was without probable cause. This demonstrates that the issue of probable cause was known by Rice's trial counsel and was not overlooked as Rice implies in his motion. We further note that Rice does not allege in his motion that he would not have pled no contest but for his counsel's alleged failure with regards to investigating and explaining probable cause. Thus, Rice has not established either of the two prongs in *Strickland* that are

required to succeed on an ineffective assistance claim. Accordingly, Rice's motion fails to establish a viable ineffective assistance claim that would constitute a manifest injustice necessitating the withdrawal of his no contest plea.

{¶ 15} Moreover, Rice's allegations regarding his trial counsel's explanation and investigation of probable cause, or lack thereof, rely on matters outside the record. This court has held that matters outside the record that allegedly corrupted the defendant's choice to enter a guilty or no contest plea so as to render that plea less than knowing and voluntary, such as ineffective assistance provided by a defendant's trial counsel, are proper grounds for post-conviction relief pursuant to R.C. 2953.21 and that the availability of that relief removes defendant's claims from the type of extraordinary circumstances that demonstrate a manifest injustice, which is required for Crim.R. 32.1 relief. *Hartzell*, 2d Dist. Montgomery No. 17499, 1999 WL 957746 at *2. *Accord State v. Moore*, 2d Dist. Montgomery No. 24378, 2011-Ohio-4546, ¶ 13-15.

{¶ 16} As for Rice's claim that the trial court failed to explain probable cause to him at the plea hearing, we note that Rice has provided no evidence of such a failure, as he did not file a transcript of the plea hearing with this court as required by App.R. 9. "[A]n appellate court cannot determine whether manifest injustice occurred at a plea hearing, where the defendant fails to provide a transcript[.]" *State v. Kerby*, 2d Dist. Clark No. 09-CA-39, 2010-Ohio-562, ¶ 17, citing *State v. Smith*, 11th Dist. Trumbull No. 2007-T-0076, 2008-Ohio-1501, ¶ 20. In the absence of a plea hearing transcript, we must presume the regularity of the proceedings below. (Citation omitted.) *State v. Wright*, 2d Dist. Montgomery Nos. 23330, 23403, 23404, 23521, 2010-Ohio-1899, ¶ 14; *Moore* at ¶ 11. Accordingly, we must presume the regularity of the proceedings, i.e., that the trial court

complied with all requirements of Crim.R. 11(C), thus indicating that Rice's no contest plea was knowingly and voluntarily entered.

**{¶ 17}** Lastly, we note that Rice's motion to withdraw his plea was filed over two and a half years after we affirmed his direct appeal and over three years after he was sentenced. "Although Crim. R. 32.1 does not contain a time limit for filing a post-sentence motion to withdraw a plea, a trial court may take into consideration the passage of time between the entry of the plea and a defendant's attempt to withdraw it." (Citations omitted.) *Jones*, 2d Dist. Greene No. 07-CA-104, 2008-Ohio-4733 at ¶ 9. "[A]n undue delay between the occurrence of the alleged cause of a withdrawal of [the] plea and the filing of a Crim.R. 32 motion is a factor adversely affecting the credibility of the movant and militating against the granting of the motion." *State v. Harden*, 2d Dist. Montgomery No. 22839, 2009-Ohio-3431, ¶ 7, citing *Smith*, 49 Ohio St.2d 261, 361 N.E.2d 1324. Here, Rice has failed to provide any explanation for the delay in filing his motion, which further supports the trial court's decision to overrule it.

**{¶ 18}** For the foregoing reasons, we find the trial court did not abuse its discretion in overruling Rice's motion to withdraw his no contest plea without a hearing, as we agree that Rice failed to establish a reasonable likelihood that the withdrawal of his plea was necessary to correct a manifest injustice.

**{¶ 19}** Rice's sole assignment of error is overruled.

## Conclusion

**{¶ 20}** Having overruled Rice's sole assignment of error, the judgment of the trial court is affirmed.

. . . . . . . . . . . . .


DONOVAN, P.J. and HALL, J., concur.


Copies mailed to:

Mathias H. Heck, Jr.
Andrew T. French
Jay A. Adams
Hon. Gregory F. Singer