[Cite as *State v. Freeman* , 2018-Ohio-2293.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 106144**

**STATE OF OHIO**

PLAINTIFF-APPELLEE

vs.

**ANTHONY FREEMAN**

DEFENDANT-APPELLANT

**JUDGMENT:**
AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-17-616848-A

**BEFORE:** E.A. Gallagher, A.J., Kilbane, J., and McCormack, J.

**RELEASED AND JOURNALIZED:** June 14, 2018

**ATTORNEYS FOR APPELLANT**

Mark A. Stanton
Cuyahoga County Public Defender
BY: Jeffrey Gamso
Assistant Public Defender
310 Lakeside Ave., Suite 200
Cleveland, Ohio 44113


**ATTORNEYS FOR APPELLEE**

Michael C. O'Malley
Cuyahoga County Prosecutor
BY: Holly Welsh
Assistant Prosecuting Attorney
The Justice Center, 9th Floor
1200 Ontario Street
Cleveland, Ohio 44113

EILEEN A. GALLAGHER, A.J.:

**{¶1}** Defendant-appellant Anthony Freeman appeals his convictions for promoting prostitution and failure to provide notice of change of address entered in the Cuyahoga County Court of Common Pleas. Freeman also appeals the denial of his motion to withdraw his guilty pleas. We affirm.

**Factual and Procedural Background**

**{¶2}** In 2017 Freeman was charged with two counts of promoting prostitution, failure to provide notice of change of address, drug trafficking and drug possession. The case proceeded to a plea hearing where appellant plead guilty to one count of promoting prostitution and failure to provide notice of change of address. The remaining counts were nolled.

**{¶3}** At sentencing, the trial court imposed 18-month prison terms on both counts and ordered the counts to be served consecutively. After the trial court informed Freeman of his sentence he stated:

> This is not what I really agreed to. Is it possible that I can take back my plea? I want to take this all the way to trial. It's not what I did. That is not what I did.

**{¶4}** The trial court informed Freeman that he could not withdraw his plea because sentencing had already taken place. Freeman then asserted that he had asked his attorney how much prison time he would be sentenced to and if he could take back his plea prior to sentencing. Freeman claimed that his attorney would not tell him. Freeman's attorney stated that he did not know what the court's sentencing decision would be prior to sentencing and the trial court agreed, explaining that the court had not decided upon a sentence until after hearing from the parties during the sentencing hearing. The trial court also noted that Freeman had failed to raise the issue of retracting his plea prior to the sentencing hearing.

**{¶5}** The trial court denied Freeman's motion to vacate his plea.

**Law and Analysis**

**I. Consideration of R.C. 2929.12 Factors**

**{¶6}** In his first assignment of error, Freeman argues that the trial court failed to consider the seriousness and recidivism factors in R.C. 2929.12 when imposing his sentences.

**{¶7}** A sentence is contrary to law if the sentence falls outside the statutory range for the particular degree of offense or the trial court failed to consider the purposes and principles of felony sentencing set forth in R.C. 2929.11 and the seriousness and recidivism factors set forth in R.C. 2929.12. *State v. Hinton*, 8th Dist. Cuyahoga No. 102710, 2015-Ohio-4907, ¶ 10, citing *State v. Smith*, 8th Dist. Cuyahoga No. 100206, 2014-Ohio-1520, ¶ 13.

**{¶8}** Freeman does not dispute that his sentences were within the relevant statutory ranges for his offenses. The trial court's sentencing journal entry provides, in relevant part, "[t]he court considered all required factors of the law." This court has consistently held this statement to be sufficient to find that a sentencing court considered the purposes and principles of felony sentencing set forth in R.C. 2929.11 and the seriousness and recidivism factors in R.C. 2929.12. *State v. Wright*, 8th Dist. Cuyahoga No. 106175, 2018-Ohio-965, ¶ 19, citing *State v. Keith*, 8th Dist. Cuyahoga Nos. 103413 and 103414, 2016-Ohio-5234, ¶ 11.

**{¶9}** Furthermore, the record reflects that the trial court did, in fact, consider all the relevant R.C. 2929.11 and 2929.12 sentencing factors. The trial court noted that it had reviewed the presentence investigation report ordered in this case, the record and the statements made at sentencing. Before imposing sentence, the court stated on the record that it had considered the seriousness and recidivism factors relevant to the case pursuant to R.C. 2929.12.

**{¶10}** The court then discussed in detail the seriousness and recidivism factors relevant to this case. The court noted that in this case Freeman had supplied two women with heroin in exchange for their acquiescence to prostituting themselves. The court noted that the offense caused psychological, emotional and physical harm and there was nothing in the record indicating that Freeman's conduct was less serious. The court noted that all the evidence in the record indicated that recidivism was likely. Freeman had been evaluated by the probation department and found to have a high risk of recidivism. The court then set forth Freeman's lengthy felony history dating back to 1977, including multiple prior convictions for promoting prostitution.

**{¶11}** Freeman's first assignment of error is overruled.

**II. The Motion to Withdraw the Pleas**

**{¶12}** In his second assignment of error, Freeman argues that the trial court erred in denying his motion to withdraw his pleas.

**{¶13}** Motions to withdraw guilty pleas are governed by Crim.R. 32.1 which provides: "A motion to withdraw a plea of guilty may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea." Accordingly, if a defendant seeks to withdraw a guilty plea after sentence has been imposed, he or she must demonstrate "manifest injustice." *State v. Smith*, 49 Ohio St.2d 261, 361 N.E.2d 1324 (1977), paragraph one of the syllabus.

**{¶14}** Manifest injustice is a "clear or openly unjust act," *State ex rel. Schneider v. Kreiner*, 83 Ohio St.3d 203, 208, 1998-Ohio-271, 699 N.E.2d 83, that is "'evidenced by 'an extraordinary and fundamental flaw in the plea proceeding,'" *State v. McElroy*, 8th Dist. Cuyahoga Nos. 104639, 104640 and 104641, 2017-Ohio-1049, ¶ 30, quoting *State v. Hamilton*,

8th Dist. Cuyahoga No. 90141, 2008-Ohio-455, ¶ 8; *see also State v. Stovall*, 8th Dist. Cuyahoga No. 104787, 2017-Ohio-2661, ¶ 17 ("'Manifest injustice relates to some fundamental flaw in the proceedings which result[s] in a miscarriage of justice or is inconsistent with the demands of due process.'"), quoting *State v. Williams*, 10th Dist. Franklin No. 03AP-1214, 2004-Ohio-6123, ¶ 5. The determination of whether the defendant has demonstrated manifest injustice is within the sound discretion of the trial court. *State v. Vinson*, 2016-Ohio-7604, 73 N.E.3d 1025, ¶ 42 (8th Dist.), citing *Smith* at paragraph two of the syllabus. We will not reverse a trial court's ruling on a postsentence motion to withdraw a guilty plea unless the court abused its discretion. *Id*. To constitute an abuse of discretion, the trial court's decision must be unreasonable, arbitrary or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

{¶15} In this instance, appellant claims that the manifest injustice he suffered was ineffective assistance of counsel. Under certain circumstances, ineffective assistance of counsel can constitute a manifest injustice warranting withdrawal of a guilty plea. *See, e.g.*, *State v. Montgomery*, 8th Dist. Cuyahoga No. 103398, 2016-Ohio-2943, ¶ 4. However, where a defendant enters a guilty plea, he or she waives a claim of ineffective assistance of counsel except to the extent that the ineffective assistance of counsel caused the defendant's plea to be less than knowing, intelligent and voluntary. *Vinson* at ¶ 30; *State v. Williams*, 8th Dist. Cuyahoga No. 100459, 2014-Ohio-3415, ¶ 11. A defendant who has entered a guilty plea can prevail on a claim of ineffective assistance of counsel only by demonstrating (1) deficient performance by counsel, i.e., that counsel's performance fell below an objective standard of reasonable representation that caused the defendant's guilty plea to be less than knowing, intelligent and voluntary and (2) that there is a reasonable probability that, but for counsel's deficient performance, the defendant would not have pled guilty to the offenses at issue and

would have, instead, insisted on going to trial. *Williams* at ¶ 11, citing *State v. Xie*, 62 Ohio St.3d 521, 524, 584 N.E.2d 715 (1992); *see also Strickland v. Washington*, 466 U.S. 668, 687-688, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *State v. Bradley*, 42 Ohio St.3d 136, 538 N.E.2d 373 (1989), paragraphs two and three of the syllabus. A "reasonable probability" is a "probability sufficient to undermine confidence in the outcome." *Strickland* at 694.

{¶16} In this instance, Freeman has presented no argument that the claimed ineffective assistance of counsel caused his pleas to be less than knowing, intelligent and voluntary. The alleged ineffective assistance cited by Freeman occurred after Freeman had already entered a plea. Freeman has advanced no argument to suggest his plea was invalid. Therefore, we find no abuse of discretion on the part of the trial court in denying his postsentence motion to withdraw his guilty plea.

{¶17} Freeman's second assignment of error is overruled

### III. Hearing on the Motion to Withdraw the Plea

{¶18} In his third assignment of error, Freeman argues that the trial court erred by failing to hold an evidentiary hearing before denying his motion to withdraw his pleas.

{¶19} A trial court is not automatically required to hold a hearing on a postsentence motion to withdraw a guilty plea. *State v. Chandler*, 10th Dist. Franklin No. 13AP-452, 2013-Ohio-4671, ¶ 7. A hearing is required only if the facts alleged by the defendant, accepted as true, would require that the defendant be allowed to withdraw the plea. *Id.*; *State v. Rodriguez*, 8th Dist. Cuyahoga No. 103640, 2016-Ohio-5239, ¶ 23. An evidentiary hearing on a postsentence motion to withdraw a guilty plea is generally not required if "the record indicates that the movant is not entitled to relief and the movant has failed to submit evidentiary documents sufficient to demonstrate a manifest injustice." *State v. Russ*, 8th Dist. Cuyahoga No. 81580,

2003-Ohio-1001, ¶ 12. The trial court's decision whether to hold a hearing on a postsentence motion to withdraw a guilty plea is reviewed for abuse of discretion. *See, e.g.*, *State v. Rice*, 2d Dist. Montgomery No. 27045, 2017-Ohio-122, ¶ 10; *State v. Bruce*, 10th Dist. Franklin No. 16AP-31, 2016-Ohio-7132, ¶ 7-8.

**{¶20}** The trial court was not obligated to hold a hearing in the present case because Freeman failed to allege facts that would have required the court to allow him to withdraw his plea.

**{¶21}** Freeman's third assignment of error is overruled.

### IV. Ineffective Assistance of Counsel

**{¶22}** In this fourth assignment of error, Freeman argues he was denied effective assistance of counsel during his sentencing hearing.

**{¶23}** An ineffective assistance of counsel claim will lie only when it is shown that the performance of defense counsel was seriously flawed and deficient, and the result of the defendant's trial or legal proceeding would have been different had defense counsel provided proper representation. *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

**{¶24}** Freeman argues that his counsel failed to "educate the court" on the complexities of "newly enacted HB 86" regarding R.C. 2929.12. We begin by noting that H.B. 86 did not introduce any amendments to the text of R.C. 2929.12. Furthermore, we find no evidence in the record indicating that Freeman's counsel at the time of sentencing in 2017 needed to educate the trial court on 2011 amendments to the sentencing law. As discussed in Freeman's second assignment of error, the trial court was aware of the relevant sentencing considerations under

R.C. 2929.12 and discussed at length the nature and seriousness of the offenses at issue as well as Freeman's high risk for recidivism.

{¶25} Freeman further argues that his counsel failed to advocate on his behalf at sentencing. We find no merit to Freeman's argument. At sentencing, counsel conceded that Freeman had an "extensive criminal history" but argued that most of his recent convictions were nonviolent offenses. Freeman's counsel also noted that he was employed at the time of the offenses and had taken advantage of drug and alcohol programs during the time he was incarcerated in the county jail.

{¶26} Freeman's arguments that his counsel was ineffective for failing to present further arguments that his risk of recidivism was low or that his conduct was less serious are not supported by the record. The record reflects that Freeman's recidivism risk is high. In his own words at sentencing Freeman stated, "I been goin' to jail half my life." The state noted that Freeman had been released from a prior prison term only two months before he committed the present offenses. In regard to the seriousness of his offense, the state explained that it had obtained statements from two victims who were "pimped out" by Freeman through an arrangement whereby he supplied them with heroin and he collected the money they obtained from prostitution. One of the victims reported that Freeman started injecting her with heroin causing her to be further addicted to the drug and leading her to continue engaging in prostitution to obtain it. We find no evidence of ineffective assistance of counsel on this record.

{¶27} Freeman's fourth assignment of error is overruled.

**V. Consecutive Sentences**

{¶28} In his fifth assignment of error, Freeman argues that his sentence is contrary to law and the trial court erred in imposing consecutive sentences.

**{¶29}** Under R.C. 2953.08, an appellate court may overturn the imposition of consecutive sentences where upon its review, it clearly and convincingly finds that the record does not support the sentencing court's findings under R.C. 2929.14(C)(4), or the sentence is otherwise contrary to law. *State v. Lunder*, 8th Dist. Cuyahoga No. 101223, 2014-Ohio-5341, ¶ 10, citing R.C. 2953.08(G)(2)(a)-(b).

**{¶30}** R.C. 2929.14(C)(4) states:

If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:

(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

**{¶31}** A trial court is required to make the findings described above at the sentencing hearing and incorporate its findings into its sentencing journal entry. *State v. Hendricks*, 8th Dist. Cuyahoga No. 101864, 2015-Ohio-2268, ¶ 12, citing *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, ¶ 1.

**{¶32}** Freeman does not dispute that the trial court made the required findings but instead argues that the findings are not supported by the record. Freeman argues that the trial court's decision to impose consecutive sentences was contrary to law in that it was excessive and beyond what was necessary to protect the public, incapacitate him, deter him from committing future crime and rehabilitate him. The sole reasoning offered by Freeman to support his conclusion that consecutive sentences were unnecessary and excessive in this instance is that he is 60 years old.

**{¶33}** We find no merit to Freeman's argument. As set forth above, the state detailed the serious conduct at issue in this case including Freeman's use of heroin addiction to facilitate his prostitution business. Freeman committed the present offenses a mere two months after being released from prison. The presentence investigation report confirms the trial court's finding that Freeman has an "extensive criminal history." The record supports the trial court's findings under R.C. 2929.14(C)(4).

**{¶34}** Freeman's fifth assignment of error is overruled.

**{¶35}** The judgment of the trial court is affirmed.

It is ordered that appellee recover from appellant the costs herein taxed.

The court finds that there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
EILEEN A. GALLAGHER, ADMINISTRATIVE   JUDGE

MARY EILEEN KILBANE, J., and
TIM McCORMACK, J., CONCUR