[Cite as *Beavercreek v. Kelly*, 2017-Ohio-8761.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
GREENE COUNTY**

| | | |
|---|---|---|
| CITY OF BEAVERCREEK | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No. 2017-CA-33 |
| | : | |
| v. | : | Trial Court Case No. 93-CRB-01981 |
| | : | |
| IAIN M. KELLY | : | (Criminal Appeal from |
| | : | Municipal Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 1st day of December, 2017.

. . . . . . . . . . .

BRITTANY A. DOGGETT, Atty. Reg. No. 0090704, Fairborn Municipal Court Prosecutor's Office, 510 West Main Street, Fairborn, Ohio 45324
  Attorney for Plaintiff-Appellee

STEPHEN D. BEHNKE, Atty. Reg. No. 0072805, 865 South Dixie Drive, Vandalia, Ohio 45377
  Attorney for Defendant-Appellant

. . . . . . . . . . . .

FROELICH, J.

{¶ 1} Iain M. Kelly appeals from a judgment of the Fairborn Municipal Court, which denied his motion to withdraw his 1993 no contest plea to attempted domestic violence. For the following reasons, the trial court's judgment will be affirmed.

## I. Background and Procedural History

{¶ 2} Kelly seeks to withdraw the plea that he entered in 1993. As an initial matter, the original documents from the 1993 proceedings apparently no longer exist. The record does not contain a plea hearing transcript, the final judgment entry of conviction, or any other document from 1993. Rather, the record of the 1993 proceedings consists of a computerized summary of the case, which identifies the charge and statutory section, the violation date, a summary of the docket (with three items), the hearing date, the judge, and a summary of the disposition. The only additional evidence before us related to the 1993 proceedings are Kelly's affidavit, which is attached to his motion to withdraw his plea, and his testimony at the hearing on his motion.

{¶ 3} According to the record before us, on November 1, 1993, Kelly pled no contest to attempted domestic violence, in violation of R.C. 2919.25. Kelly was sentenced to ten days in jail, nine of which were suspended, and he was ordered to complete an anger management class and to pay a $100 fine and $50 in court costs. The trial court received a certificate of completion of an anger management class in February 1994.

{¶ 4} In September 1996, as part of the Omnibus Consolidated Appropriations Act of 1997, Congress passed the Lautenberg Amendment to the 1968 Gun Control Act, 18 U.S.C. 922(g)(9). The Amendment makes it unlawful for any person "who has been

convicted in any court of a misdemeanor crime of domestic violence" to ship, transport, possess, or receive any firearm or ammunition in or affecting commerce. *Id.*

{¶ 5} The term "misdemeanor crime of domestic violence" is defined as a misdemeanor under federal, state, or tribal law that "has, as an element, the use or attempted use of physical force, or the threatened use of a deadly weapon, committed by a current or former spouse, parent, or guardian of the victim, by a person with whom the victim shares a child in common, by a person who is cohabiting with or has cohabited with the victim as a spouse, parent, or guardian, or by a person similarly situated to a spouse, parent, or guardian of the victim." 18 U.S.C. 921(a)(33)(A). Kelly apparently concedes that the Lautenberg Amendment's prohibition applies to his conviction for "attempted domestic violence," in violation of R.C. 2919.25.

{¶ 6} On March 9, 2017, Kelly filed a motion to withdraw his plea, pursuant to Crim.R. 32.1, claiming that his plea was not made knowingly, intelligently, and voluntarily. He asserted that he did not know, and could not have known, that his 1993 plea would result in a federal prohibition against his possession and ownership of firearms. He argued that the loss of his right to possess firearms constituted a manifest injustice. Citing 18 U.S.C. 921(a)(33)(B)(ii), which generally provides that a person is not considered to have been convicted of an offense if the conviction has been expunged or set aside, Kelly requested an opportunity to withdraw his plea and enter a new plea to a different offense "that does not change the judgment, sentence, or offense level." Kelly supported his motion with an affidavit, documentation regarding his licensure in optometry, his resume, and other evidence reflecting his good character and contributions to the community.

{¶ 7} The trial court conducted a hearing on Kelly's motion, during which Kelly testified. According to his testimony, Kelly is self-employed as an optometrist, and he attested to the accuracy of the attachments to his motion. He entered a plea in 1993, with the advice of counsel, but there was no discussion of his right to possess firearms. He testified that he would not have entered his plea had he known that it would result in the relinquishment of his firearm rights. Kelly indicated that he became aware of the Lautenberg Amendment in 2016.

{¶ 8} At the conclusion of the hearing, the trial court orally overruled Kelly's motion. The court noted that, as an optometrist, Kelly's livelihood was not affected by the Lautenberg Amendment, and it found that Kelly's 23-year delay in knowing that his rights were affected made his argument "a little bit disingenuous." The court found that the impact to Kelly did "not rise to the level of manifest injustice."

{¶ 9} On May 17, 2017, the trial court filed a written entry overruling the motion to withdraw his plea, consistent with its oral pronouncement.

{¶ 10} Kelly appeals from the trial court's judgment. His sole assignment of error states that "the lower court erred by denying Dr. Kelly's motion to vacate his plea when he had no way of knowing that his plea to a misdemeanor offense would lead to the permanent revocation of his Second Amendment right to bear arms."

## II. Motion to Withdraw Plea

{¶ 11} Under Crim.R. 32.1, a trial court may permit a defendant to withdraw a plea after imposition of sentence only to correct a manifest injustice. Crim.R. 32.1; *State v. Wilson*, 2d Dist. Montgomery No. 26354, 2015-Ohio-1584, ¶ 16. "A 'manifest injustice' comprehends a fundamental flaw in the path of justice so extraordinary that the defendant

could not have sought redress from the resulting prejudice through another form of application reasonably available to him or her." *State v. Brooks*, 2d Dist. Montgomery No. 23385, 2010-Ohio-1682, ¶ 8, citing *State v. Hartzell*, 2d Dist. Montgomery No. 17499, 1999 WL 957746 (Aug. 20, 1999).

{¶ 12} Withdrawal of a plea after sentencing is permitted only in the most extraordinary cases. *State v. Jefferson*, 2d Dist. Montgomery No. 26022, 2014-Ohio-2555, ¶ 17, citing *State v. Smith*, 49 Ohio St.2d 261, 264, 361 N.E.2d 1324 (1977). "The defendant bears the burden of establishing the existence of a manifest injustice, and whether that burden has been met is an issue within the sound discretion of the trial court." *Wilson* at ¶ 18.

{¶ 13} At the outset, Kelly has not established that his 1993 plea was not made knowingly, intelligently, and voluntarily. The record does not include a transcript of the plea hearing, and we therefore presume the regularity of those court proceedings. *E.g.*, *State v. Rice*, 2d Dist. Montgomery No. 27045, 2017-Ohio-122, ¶ 16. Nothing in the record indicates that Kelly's counsel rendered ineffective assistance related to the plea. And, Kelly presented no evidence at the hearing on his motion to withdraw his plea that, at the time of the plea, his plea was not knowing, intelligent, and voluntary. Rather, he testified that, knowing what he knows now about the Lautenberg Amendment, which was enacted after his plea, he would not today make the same plea that he did in 1993.

{¶ 14} The trial court did not abuse its discretion in determining that Kelly did not establish that, as a result of the Lautenberg Amendment, his 1993 conviction constituted a manifest injustice that warranted the withdrawal of his plea. Undue delay in filing a Crim.R. 32.1 motion "is a factor adversely affecting the credibility of the movant and

militating against the granting of the motion." *State v. Smith*, 49 Ohio St.2d 261, 264, 361 N.E.2d 1324 (1977); *State v. Harden*, 2d Dist. Montgomery No. 23742, 2010-Ohio-5282, ¶ 18. Here, approximately 23 years passed between Kelly's conviction and his motion to withdraw his plea, and approximately 20 years had passed between the enactment of the Lautenberg Amendment and Kelly's motion. This length of time militates against a finding that Kelly has suffered a manifest injustice due to the statutory restriction of his firearm rights.

{¶ 15} Further, we have held that a defendant's lack of notice about the Lautenberg Amendment at the time of his or her plea does not justify vacation of a plea. In *State v. Taylor*, 2d Dist. Greene No. 2010-CA-46, 2012-Ohio-963, the defendant pled no contest to domestic violence in 2010 (14 years after the enactment of the Lautenberg Amendment), and the trial court sentenced him to 180 days in jail. During the hearing, the trial court failed to inform Taylor, as required by R.C. 2943.033(C), that 18 U.S.C. 922(g)(9) (the Lautenberg Amendment) would impose firearm restrictions on him as a result of the conviction. The next day, the trial court brought Taylor back to court to inform him that it had failed to provide the required notice, and it gave Taylor the option to withdraw his plea. Although Taylor accepted that offer, the trial court did not file an entry vacating the plea, and the court later informed Taylor that R.C. 2943.033(C) prohibits a plea from being vacated for failure to give the required notice. Taylor appealed from his conviction.

{¶ 16} In affirming the trial court's judgment, we relied upon R.C. 2943.033(C), effective June 24, 2008, which states:

Prior to accepting a guilty plea or plea of no contest to an indictment,

information, or complaint that charges a person with a misdemeanor offense of violence, the court shall inform the defendant either personally or in writing that under 18 U.S.C. 922(g)(9) it may be unlawful for the person to ship, transport, purchase, or possess a firearm or ammunition as a result of any conviction for a misdemeanor offense of violence. *The plea may not be vacated based on a failure to inform the person so charged regarding the restrictions under 18 U.S.C. 922(g)(9).*

(Emphasis added.)

{¶ 17} We commented in *Taylor* that, while the Ohio legislature has decided to require trial courts to advise defendants of the restrictions imposed by 18 U.S.C. 922(g)(9), "the legislature has chosen not to allow a defendant who is not advised of the restriction to withdraw his plea due to the lack of notice. In other words, the General Assembly has prescribed that trial courts should advise defendants of the federal firearm restriction, but it has deliberately chosen to prescribe no consequence resulting from a trial court's failure to do so." *Taylor* at ¶ 34. We further commented that "a trial court is not required to determine, and advise a defendant of, every collateral consequence that may result from a plea to a misdemeanor in order to render that plea knowing and voluntary." *Id.* at ¶ 35.

{¶ 18} Kelly's plea was entered before the enactment of 18 U.S.C. 922(g)(9), whereas Taylor's plea was entered after its enactment, but we find this distinction to be of little significance here. Even when the trial court is required to notify a defendant about the effects of the Lautenberg Amendment, the Ohio legislature has deemed that the lack of the required notice, alone, does not constitute grounds to withdraw a plea. To allow

Kelly to withdraw his plea based on his recently-acquired knowledge of the restrictions imposed by 18 U.S.C. 922(g)(9) would be inconsistent with R.C. 2943.033(C).

**{¶ 19}** Finally, the trial court reasonably concluded that nothing in Kelly's personal circumstances indicated that his conviction resulted in a manifest injustice due to the Lautenberg Amendment. As stated by the trial court, the right to possess a firearm is not imperative to Kelly's livelihood, as he is an optometrist. Kelly has not articulated any specific circumstances that would cause the Lautenberg Amendment's restrictions to pose a manifest injustice to him, as opposed to all misdemeanor offenders to whom the restrictions apply.

**{¶ 20}** Kelly's assignment of error is overruled.

### III. Conclusion

**{¶ 21}** The trial court's judgment will be affirmed.

. . . . . . . . . . . . .

HALL, P. J. and DONOVAN, J., concur.

Copies mailed to:

Brittany A. Doggett
Stephen D. Behnke
Hon. Beth W. Cappelli